**Wayne HILER, Plaintiff–Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Officially; J.C. Watkins, Robert Wiedo and Larry Kuzma, Individually and Officially, Defendants–Appellees.**

**No. 00–6154.**

United States Court of Appeals, Sixth Circuit.

March 29, 2002.

Before MARTIN, Chief Circuit Judge, BOGGS, and DAUGHTREY, Circuit Judges.

PER CURIAM.

The plaintiff, Wayne Hiler, sued the Secretary of Veterans Affairs and three managers of the Lexington VA Medical Center, claiming violation of the Rehabilitation Act. Specifically, Hiler alleged that he was not promoted because of a disability stemming from injuries he suffered while serving in the military in Vietnam. The case went to trial, resulting in a special jury verdict that found that the plaintiff was "disabled" but, ultimately, that the defendants were not liable under the Act. Following the verdict, the defendants moved for judgment as a matter of law on the question of whether Hiler was dis-

abled, and the district court granted the motion, dismissing all claims against the defendants with prejudice. On appeal, Hiler asserts that the record contains sufficient evidence to support the jury's conclusion that he was disabled and contends that the district judge should have instructed the jury that such a finding creates a mandatory inference that any resulting discrimination flowed "solely" from the existence of the disability. We disagree with these contentions, and we therefore affirm the district court's rulings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1970, Hiler served as a tank commander in the United States Army in Vietnam. During that tour of duty, the plaintiff's tank was hit by enemy fire, and Hiler lost most of his left arm and suffered severe injuries to the left side of his head. After initial medical complications from the injuries, the plaintiff made an impressive recovery. In fact, at trial, Hiler admitted that he was not claiming to be disabled at all as a result of the loss of his arm. Instead, he argued only that his head injury prevented him, in time-pressured situations, from writing down words that would form in his mind. As explained by Hiler, he had a "problem in getting a word out of [his] brain to [his] hand." Even so, he stated in an affidavit, "I can write down most of what I want to say, even under time pressure, and I can think of what I want to write, but sometimes my mind can't think of the word, and sometimes I know what word I want to write, but I can't get my hand to write the letters."

In 1994, the plaintiff was hired as a pipefitter at a Veterans Administration hospital in Lexington, Kentucky, where he is apparently still employed. He applied on several occasions for promotions to advertised supervisory positions. As part of the selection process for most of those positions, Hiler was required to submit paperwork that he was allotted ten days to complete, and he was subjected to both written and oral questioning during an interview. After the first promotion interview, the plaintiff complained to one of his supervisors that the methods employed by the hospital in selecting supervisors—specifically, the use of oral interview questions requiring written answers—were unduly onerous for persons suffering from conditions like his. The plaintiff nevertheless continued to seek advancement within the hospital maintenance structure, to lose out to other candidates in the selection process, and to express his displeasure with the criteria used for evaluation of job candidates. Eventually, he sued the Veterans Administration, claiming discrimination and retaliation.

At the close of the trial, the district court submitted the case to the jury on special interrogatories. After deliberation, the jurors reported as their verdict that the defendant had intentionally discriminated against Hiler on the basis of a disability, but that this discrimination was not the sole cause for the plaintiff's non-selection for the supervisory positions. Finally, the jury concluded that the defendant had not retaliated against Hiler for complaining of the discrimination in the promotion process. Post-trial, the district court granted the defendants' renewed motion for judgment as a matter of law on the issue of whether Hiler was in fact disabled, as found by the jury, and denied the plaintiff's motion for a new trial based on the contention that the jury should have been instructed that disability was the *sole* reason for the employment decisions in question, the basic requirement for recovery

under the Rehabilitation Act. *See* 29 U.S.C. § 794(a) (2001 Supp.).

## DISCUSSION

■ Preliminarily, Hiler contends that the district court erred fundamentally in reconsidering aspects of the plaintiff's *prima facie* case after rendition of the jury's verdict, relying upon language in *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir.1997), that "[f]ollowing a trial on the merits, the district court ... cannot return to a consideration of whether plaintiff has proven its *prima facie* case." Nevertheless, as we explained in *Kovacevich v. Kent State University*, 224 F.3d 806, 825 (6th Cir.2000), "[o]f course, there is nothing to prevent the court from considering evidence that also bears on that prima facie case as long as it does so in order to address the ultimate question of discrimination." In this case, the district judge revisited the issue of Hiler's disability only in the context of determining whether the Veterans Administration treated the plaintiff differently solely because of any proven handicap. In re-examining the testimony and other evidence adduced in this litigation, the court properly concluded that reasonable minds could not find Hiler to be disabled under applicable statutory definitions.

■ The Rehabilitation Act protects only a "qualified individual with a disability," defined as "any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 705(20)(B). Our review of the evidence convinces us that, despite the injuries that Hiler suffered in Vietnam, there is insufficient evidence to support his allegation that he is *substantially limited* in the identified major life activity of working be-

cause of his sporadic difficulties in expressing his thoughts, in handwritten form. Moreover, even had such evidence been adduced, Hiler conceded that he did not suffer any such seizure during the tests and interviews he underwent and that he was consistently given as much time as needed to complete his answers by the management official conducting the interviewing process. The alleged disability could not, therefore, have been even a basis, much less the *sole* basis, for Hiler's non-selection for the various positions for which he applied. Because the plaintiff cannot establish that he was "a qualified individual with a disability," as defined by the Rehabilitation Act, no error was committed by the district court in granting the defendant's motion for judgment as a matter of law.

■ Nor do we find any error in the jury instructions. The plaintiff contends that the court erred in failing to charge the jury that the plaintiff's establishment of a *prima facie* case, in conjunction with the decision of the Veterans Administration not to call any defense witnesses, created a "mandatory inference" that the defendant intentionally discriminated against the plaintiff "solely" because of his handicap. In essence, Hiler insists that the jury should have been instructed to find for the plaintiff on the ultimate issue presented in the litigation.

The plaintiff is correct in contending that evidence of a *prima facie* case, "in the absence of an explanation by the employer, creates a mandatory inference that the employer intentionally discriminated against the disabled individual by taking an adverse employment action 'solely' because of his or her handicap." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1185 (6th Cir.1996). In this case, however, the Veterans Administration did, in fact, offer a legitimate explanation for its employ-

ment decisions involving the plaintiff. The record is replete with jointly admitted exhibits that detail how Hiler compared with the successful job applicants on crucial components of the selection criteria. For example, Joint Exhibit 12 documents the fact that the plaintiff had only one or two years of Veterans Administration experience at the times he applied for the promotions at issue here. By contrast, the successful applicants for those jobs had occupational experience with the Veterans Administration for stints ranging from five to 23 years. Furthermore, Joint Exhibit 13 details in chart form the indisputable fact that, even had all timed, written responses during the interview been removed from the employment selection calculus, Hiler still fell far short of the standards set by the individuals chosen for the positions. Thus, from these two pieces of evidence alone, the defendant was able to establish its defense that Hiler's non-selection had more to do with the plaintiff's inferior qualifications for the promotions than with any handicap he might have had. In such a situation, the district court did not err in refusing to offer a jury instruction that does not accurately portray the factual elucidation offered at trial.

## CONCLUSION

Despite the severe injuries suffered by Hiler during his service in Vietnam, the record before us on appeal cannot support a conclusion that the plaintiff's handwriting impairment significantly limited him in the major life activity of working. In fact, Hiler himself conceded that his impairment did not adversely affect his day-to-day functioning at the hospital, an assessment in which a neurologist concurred. The evidence before the jury in this matter indicated only that Hiler suffered periods of handwriting difficulty after partial seizures brought on by his condition. He freely admitted at trial, however, that he had not suffered any such seizure during any of the challenged interview proceedings, and the Veterans Administration was able to demonstrate business justifications for the employment decisions affecting the plaintiff. For these reasons, we find no reversible error in this case and AFFIRM the judgment of the district court.